## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jermaine Antonio Evans, | ) | C/A No. 0:20-3556-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. | ) | **FROM THE SOCIAL SECURITY** |
| | ) | **ADMINISTRATION'S DENIAL OF** |
| Kilolo Kijakazi, Acting Commissioner of the | ) | **SOCIAL SECURITY BENEFITS** |
| Social Security Administration,[1] | ) | |
| | ) | ☒  Affirmed |
| Defendant. | ) | ☐  Reversed and Remanded |
| | ) | |

This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a partially favorable final decision of the defendant, Commissioner of Social Security ("Commissioner"), finding the plaintiff was disabled for a closed period (May 28, 2014 through November 1, 2016), and that his entitlement to disability benefits ceased on November 2, 2016.

## Part I—Plaintiff seeks:

☐    Supplemental Security Income ("SSI"):  Plaintiff's age at filing:  ___

☒    Disability Insurance Benefits ("DIB"):  Date last insured:  <u>December 31, 2014</u>

☐    Other:

Application date:  <u>January 19, 2018</u>

Plaintiff's Year of Birth:  <u>1979</u>

Plaintiff's alleged onset date:  <u>May 28, 2014</u>

## Part II—Social Security Disability Generally

Once a claimant is found to be disabled, an eight-step sequential evaluation process is established to determine if a claimant continues to be disabled under the Act. 20 C.F.R. § 404.1594(f); see also Dowling v. Comm'r of Soc. Sec. Admin., 986 F.3d 377, 383 (4th Cir. 2021) (describing the eight-step process). A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 20 C.F.R. § 404.1594(f)(8); see also Guiton v. Colvin, 546 F. App'x. 137, 140-141 (4th Cir. 2013). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

_____

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the named defendant because she recently became the Acting Commissioner of Social Security.

## Part III—Administrative Proceedings

Date of ALJ Decision:  October 23, 2019

After first finding that Plaintiff was disabled from May 28, 2014 through November 1, 2016, the ALJ then applied the requisite eight-step sequential process and found:

Step 1:         Plaintiff was engaged in substantial gainful activity during the relevant time period:
                ☐ Yes  ☒ No

Step 2:         ☒  Plaintiff's impairment(s) does/do not meet or medically equal a Listing.  20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 3:         Plaintiff has experienced medical improvement as shown by a decrease in the medical severity of the impairment(s) that existed at the time of the most recent favorable disability decision:
                ☒ Yes  ☐ No

Steps 4-5:      Plaintiff's improvement resulted in an increase to Plaintiff's Residual Functional Capacity:
                ☒ Yes  ☐ No

                If no, does an exception to medical improvement found in § 404.1594(d) or (e) apply warranting the determination that Plaintiff's disability should be ended?
                ☐ Yes  ☐ No

Step 6:         If improvement resulted or an exception found in § 404.154(d) applies, are Plaintiff's current impairments in combination severe?
                ☒ Yes  ☐ No

Step 7:         Plaintiff's Residual Functional Capacity is as follows:

                [B]eginning November 2, 2016, the claimant has had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can occasionally push/pull hand and foot controls; occasionally reach overhead with bilateral upper extremities; can climb ramps and stairs occasionally; no climbing ladders, ropes, or scaffolds; balance occasionally on narrow, slippery, erratically moving and similarly challenging terrains; stoop occasionally[;]  kneel occasionally; crouch occasionally[;] never crawl.  Should not work at unprotected heights, and can work near dangerous moving machinery occasionally.  Should not operate a motor vehicle as a workplace requirement.  Is limited to frequent fine near visual acuity.  No work requiring fine distance visual acuity.  Can sit for one hour continuously before needing to stand or walk for five minutes, but can remain on task in the change position.  Can stand or walk for 45 minutes continuously before needing to sit for 15 minutes, but can remain on-task in the changed posit[i]on.  Five percent off-task to account for pain, fatigue, posttraumatic symptoms, and any other factors.  One absence from work every three months.

                ☐ Plaintiff could return to his/her past relevant work.

Step 8:         ☒  Plaintiff does not have past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

                • Binder Selector, with a Dictionary of Occupational Titles code of 521.687-018.  This position is light, with an SVP 2 per the Dictionary of Occupational Titles.  The vocational expert testified that there are approximately 120,000 such positions in the national economy.

- Information Clerk, with a Dictionary of Occupational Titles code of 237.367-018. This position is light, with an SVP of 2. The vocational expert testified there are approximately 89,000 such positions in the national economy.

Date of Appeals Council decision: August 10, 2020

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's final decision. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## Part V—Issues for Judicial Review

Plaintiff's brief appears to include the following issues for review: Whether the ALJ (1) adequately developed the claims; (2) adequately evaluated the plaintiff's mental impairments; (3) adequately considered the plaintiff's physical limitations; and (4) adequately considered the plaintiff's physical and mental limitations in combination.

## Oral Argument:

☐ **Held on _____.**

☒ **Not necessary for disposition.**

## Summary of Reasons

## A.    Development of the Claims

Plaintiff first appears to argue that since he was unrepresented at the hearing before the ALJ, "[t]he claimant should have been questioned at the administrative hearing as to why he had not filed for Title XVI benefits, and whether he intended to file such an application." (Pl.'s Br. at 1, ECF No. 17 at 1) (citing Sims v. Apfel, 530 U.S. 103, 110-11 (2000) (stating that "Social Security proceedings are inquisitorial rather than adversarial[ and] [i]t is the ALJ's duty to

investigate the facts and develop the arguments both for and against granting benefits.")).  The

Commissioner has construed this statement as an assertion that the ALJ failed to adequately

develop the record.  It does not appear to be in dispute that Plaintiff knowingly and voluntarily

waived his right to counsel at the hearing.  (See Tr. 38-44.)  However, as pointed out by the

Commissioner, Plaintiff points to no authority indicating that the ALJ is required to inquire as to

the reasons Plaintiff did not file additional applications for benefits, or in this case an SSI

application in addition to Plaintiff's DIB application.  Moreover, the ALJ explained at the start of

the hearing that Plaintiff would need to establish that he was disabled prior to December 31, 2014

to be eligible for DIB benefits.  The ALJ further explained that there is another program—SSI

benefits—where Plaintiff could be disabled as of the date of the hearing to be eligible for benefits,

but that program also has other requirements regarding assets and income.  The ALJ stated that he

would assume that when Plaintiff filed his claim, he perhaps discussed this program with the field

office or whoever accepted Plaintiff's claim.  (Tr. 37.)

Accordingly, Plaintiff has failed to demonstrate that remand is warranted on this issue.

Further, even if the ALJ should have performed an actual inquiry, Plaintiff has failed to suggest

that he would even meet the requirements to apply for SSI benefits.  Additionally, as argued by

the Commissioner, even though Plaintiff retained counsel after the hearing but immediately before

the ALJ issued his decision, there is no indication that Plaintiff has filed an application for SSI.

**B.      Plaintiff's Mental Impairments**

Plaintiff next argues that the ALJ underestimated the effects of his depression, post-

traumatic stress disorder, and lack of concentration in determining Plaintiff's residual functional

capacity.  Plaintiff relies on his testimony during his hearing and argues that the ALJ improperly

penalized him for not receiving neurological treatment after his worker's compensation benefits

ceased in November 2016. Plaintiff also argues that the ALJ failed to give diagnoses of mental problems by Plaintiff's counselor, Dr. Lawrence Bergmann, and consultative examiner, Dr. Cherilyn Taylor, proper weight.

Contrary to Plaintiff's assertions, there is no indication in the opinion that the ALJ improperly penalized Plaintiff for failing to receive treatment after his benefits ceased. The ALJ simply observed that during both periods of time—which would include the time period during which Plaintiff had benefits—that Plaintiff did not receive significant neurological follow up or other treatment with a specialist (Tr. 14) and had minimal formal treatment with a mental health specialist (Tr. 22). Notably, the ALJ also observed that Plaintiff's "mental status examinations were within normal limits, with treatment providers observing the claimant to have intact cognition, average intelligence, and normal mood (Exs. B4F/14; B11F)." (Tr. 14.) Plaintiff has not directed the court to any evidence that Plaintiff's counseling sessions or any other treatment suggested additional mental limitations were warranted before or after November 2016. (See, e.g., Tr. 452-525) (although Plaintiff reported to Dr. Bergmann concerns with concentration and focus, there do not appear to be any opined ongoing limitations in those areas that exceed the ALJ's residual functional capacity). Nonetheless, the ALJ found that Plaintiff would be off-task five percent of the workday to account in part for his "posttraumatic symptoms." (Tr. 20.) Further, contrary to any suggestion by Plaintiff, the ALJ specifically considered Dr. Taylor's consultative opinion and gave it persuasive weight, and upon review of Dr. Taylor's opinion, there do not appear to be any opined limitations that the ALJ failed to consider. (See Tr. 542-45) (indicating that Plaintiff had no significant deficits in activities of daily living or in conforming to social expectations and should be capable of staying focused on simple tasks in the workplace).

Accordingly, Plaintiff has failed to demonstrate that remand is warranted for further consideration of Plaintiff's alleged mental impairments.

## C.    Plaintiff's Physical Limitations

Plaintiff next argues that the ALJ's determination that Plaintiff became able to work again in November 2016 is inconsistent with his continued treatment for his impairments, including physical therapy, counseling, and an appointment at the vocational rehabilitation center in Orangeburg, South Carolina.    Plaintiff's conclusory argument fails to direct the court to any specific evidence supporting his assertion of continued limitations.    Moreover, review of the ALJ's decision reflects that the ALJ carefully considered the medical evidence during this period, observing that

> [b]eginning in the middle and latter portion of 2016, the claimant reported to multiple treatment providers that he was managing his pain symptoms (Exs. B4F/14; B5F/61).    By July 2016, the claimant's treatment provider observed that the claimant had completed all of his antibiotics and treatments, as well as his outpatient physical therapy, though the claimant reported he continued to work on his own home program (Ex. B4F/11).    Treatment providers prescribed Percocet as needed for pain, up to one tablet every six hours (Ex. B4F/11).    In November 2016, the claimant reported continuing hip pain, but stated that he was doing "much better" since his prior surgeries (Ex. B4F/14).    Physical examination revealed some tenderness, but with 5/5 strength in his upper and lower extremities and no focal motor deficits (Ex. B4F/14).    The claimant's treatment provider opined in 2016 that the claimant should be able to return to light exertional work, as further described in the opinion section (Ex. B4F/13).    At the time, physical examination showed full range of motion of the wrists, hands, ankles, and toes.    The claimant showed slightly decreased sensation in the left hand, but with full strength noted throughout.    While he was observed with a "slight limp," the claimant could rise from a seated position and could go up and down stairs with a handrail (Ex. B4F/12).    Accordingly, the undersigned finds that the claimant's impairments, while still severe, allowed him to engage in modified light work beginning in November 2016.

(Tr. 20-21.)    The ALJ found (1) the opinion evidence from Dr. Daniel Westerkam, a treating physician, indicating that Plaintiff could return to light work, to be persuasive after the end of the closed period of disability and (2) the May 8, 2018 assessment from Dr. Jim F. Byrd to be

persuasive as of the date of the assessment and support a restriction to light work, as it indicated some deficits including decreased vision, right shoulder pain, and bilateral hip and femur pain (which were not seen to be physically limiting) as well as neck pain and limited cervical range of motion.  (Tr. 21.)  Accordingly, Plaintiff has failed to show that remand is warranted for further consideration of his physical impairments.

**D.    Impairments in Combination**

Finally, Plaintiff summarily argues that his impairments in combination prevent him from working full-time and that his pain could exacerbate his depression and anxiety.  As detailed above, Plaintiff has failed to direct the court to any evidence that the ALJ failed to consider or to any evidence that would support Plaintiff's assertion that further limitations are warranted.  Accordingly, this argument fails as well.

### ORDER

☒    **Affirmed.    Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☐    **Reversed and remanded pursuant to ☐ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐    **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

October 6, 2021                                    Paige J. Gossett
Columbia, South Carolina                 UNITED STATES MAGISTRATE JUDGE